## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BESTWAY INFLATABLES & MATERIAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | Case No. 1:23-cv-02286 <br><br> Hon. Thomas M. Durkin |

## DEFENDANT HANGZHOU BUDA WATER TREATMENT EQUIPMENT CO. LTD.'S MOTION TO DISSOLVE TRO AND UNFREEZE ASSETS

Defendant Hangzhou Buda Water Treatment Equipment Co., Ltd. ("Defendant") hereby moves to dissolve the temporary restraining order entered by the Court on April 12, 2023, and for an order unfreezing Defendant's accounts and assets.

## I.  INTRODUCTION

Are these "Schedule A" cases really working to stop counterfeiters? While the protection of intellectual property rights and policing of international counterfeiters is undoubtedly important, the fact is that these cases are simply not working. Especially given the frequency and consistency with which these cases are being filed in this district, by the same plaintiffs again and again.

As Plaintiff Bestway Inflatables & Material Corp. ("Plaintiff") surely knows, the easiest and near-guaranteed way to obtain *ex parte* relief in these cases is to cry counterfeit. While Plaintiff has attempted to make this case look like an ordinary counterfeiting case, it appears this case is actually a scheme to shake down hundreds of businesses that have nothing to do with one

1

another beyond having the same (Chinese) nationality.

The fact is that Defendant's use of Plaintiff's trademarks has nothing to do with counterfeiting as alleged. The TRO should be dissolved, and Defendant's assets and account be unfrozen.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Defendant is an online e-commerce seller engaged in the sales of replacement spa and pool filters bearing Defendant's own brand "CRYSPOOL" and its own federally registered trademarks as shown below.



Defendant concedes that its Amazon product listings did previously include Plaintiff's trademark as a means of reference only. (Declaration of Budan Liu, ¶ 3) ("Liu Decl.") Defendant's use of Plaintiff's trademark was solely intended for purposes of comparing its products to

Plaintiff's products. (Liu Decl ¶ 4). Defendant mistakenly included Plaintiff's trademark in the "Compatible Brand and Models" section of its Amazon listing. (Liu Decl ¶ 4).

After learning of its mistake, Defendant removed the reference to Plaintiff's mark on March 28, 2023. (Liu Decl ¶ 5). Defendant's product listing was revised as shown below:



Defendant's listings have been completely devoid of any reference to Plaintiff's trademarks since March 28, 2023. (Liu Decl ¶ 6). Regardless, on April 12, 2023, Plaintiff filed suit and a TRO was entered on the same day. The TRO is currently effective and set to expire on May 10, 2023.

### III. ARGUMENT

#### A. PLAINTIFF WILL NOT SUCCEED ON THE MERITS

District Courts within this Circuit hold that the standard for granting a temporary restraining order and the standard for granting a preliminary injunction are identical. See, e.g. *Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citation omitted). A party seeking to obtain a preliminary injunction must demonstrate: (1) that its case has some likelihood of success on the merits; (2) that no

adequate remedy at law exists; and (3) that it will suffer irreparable harm if the injunction is not granted. *See Ty, Inc. v. The Jones Group, Inc.,* 237 F.3d 891, 895 (7th Cir. 2001).

FRCP Rule 65 is clear regarding issuance of a temporary restraining order without notice – the Court may only do so upon a showing of "*specific* facts in an affidavit or a verified complaint." Fed.R.Civ.P. 65(b)(1)(A) (emphasis added). Here, the general allegations submitted by Plaintiff under penalty of perjury are demonstrably false with respect to Defendant.

Plaintiff makes valid and strong arguments to support the *ex parte* issuance of a TRO to stomp out the never-ending scourge of counterfeiting activities. The problem is that Plaintiff's cut-and-paste, behemoth-of-a-motion fails to address what any of this has to do with Defendant. Plaintiff has failed to specifically allege any facts of counterfeiting activities that support issuance of a TRO.

The essence of having trademark rights is to protect the trademark owner's goodwill against the sale of product by another as his. It does not give Plaintiff the right to prohibit the mere use of trademarked words to tell the truth. Here, Plaintiff falsely asserts claims of trademark infringement and counterfeiting against Defendant, despite the fact that Defendant sells its own federally trademarked products. Yet a rudimentary review of the Amazon.com listing for Defendant's allegedly infringing and counterfeit product would have revealed a clearly permissible, non-infringing use of Plaintiff's mark.

### B. PLAINTIFF WILL NOT BE IRREPARABLY HARMED

As the evidence and declarations show, the risk or threat of irreparable harm to Plaintiff is practically none because Defendant does not sell counterfeit products. Despite making countless arguments and conclusory statements of the threat and potential harm to Plaintiff if a TRO were not to be granted, the fact is that none of this has anything to do with Defendant.

Furthermore, Plaintiff's preference for obtaining pretrial injunctive relief and prejudgment asset freezes should be seriously questioned, especially where Plaintiff's efforts to combat counterfeiting activities do not appear to be very successful in stopping the activity. Indeed, this is at least the tenth time that Plaintiff has filed this case in this very district alone.

| Party Name | Case Number | Case Title | Court | Date Filed | Date Closed |
|---|---|---|---|---|---|
| Bestway Inflatables & Material Corp. (pla) | 4:2021cv05119 | Bestway Inflatables & Material Corp. v. Doe | California Northern District Court | 07/01/2021 | 01/18/2022 |
| Bestway Inflatables & Material Corp. (pla) | 1:2020cv01098 | Bestway Inflatables & Material Corp. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto | Illinois Northern District Court | 02/14/2020 | 08/20/2020 |
| Bestway Inflatables & Material Corp. (pla) | 1:2021cv02761 | Bestway Inflatables & Material Corp. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto | Illinois Northern District Court | 05/21/2021 | 05/31/2022 |
| Bestway Inflatables & Material Corp. (pla) | 1:2022cv02866 | Bestway Inflatables & Material Corp. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto | Illinois Northern District Court | 06/01/2022 | 10/27/2022 |
| Bestway Inflatables & Material Corp. (pla) | 1:2022cv03913 | Bestway Inflatables & Material Corp. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto | Illinois Northern District Court | 07/28/2022 | 01/10/2023 |
| Bestway Inflatables & Material Corp. (pla) | 1:2023cv00742 | Bestway Inflatables & Material Corp. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto | Illinois Northern District Court | 02/07/2023 | |
| Bestway Inflatables & Material Corp. (pla) | 1:2023cv01222 | Bestway Inflatables & Material Corp. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto | Illinois Northern District Court | 02/28/2023 | |
| Bestway Inflatables & Material Corp. (pla) | 1:2023cv01609 | Bestway Inflatables & Material Corp. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A Hereto | Illinois Northern District Court | 03/15/2023 | |
| Bestway Inflatables & Material Corp. (pla) | 1:2023cv01748 | Bestway Inflatables & Material Corp. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto | Illinois Northern District Court | 03/21/2023 | |
| Bestway Inflatables & Material Corp. (pla) | 1:2023cv01961 | Bestway Inflatables & Material Corp. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto | Illinois Northern District Court | 03/29/2023 | |
| Bestway Inflatables & Material Corp. (pla) | 4:2020cv12002 | Bestway Inflatables & Material Corp. v. Doe | Michigan Eastern District Court | 07/27/2020 | 01/07/2021 |
| BESTWAY INFLATABLES & MATERIAL CORP. (pla) | 2:2022cv01124 | BESTWAY INFLATABLES & MATERIAL CORP. v. MILLS et al | Pennsylvania Eastern District Court | 03/23/2022 | |

C. UNFREEZING DEFENDANT'S ASSETS AND ACCOUNTS IS WARRANTED

While asset freezes may be common in *real* counterfeiting cases, an asset freeze is still an extreme remedy which has a very limited purpose. A district court is not permitted to freeze a defendant's assets solely to preserve a plaintiff's right to recover damages. *Grupo Mexicano de*

5

*Desarrollo, S.A. v. Aliance Bond Fund, Inc.*, 527 U.S. 308, 325 (1999).

Plaintiff fails to establish any facts which support a blanket-freeze of Defendant's assets. Plaintiff's generic allegations regarding purported shady foreign entities have no bearing on Defendant. This alone should be sufficient to vacate the asset freeze, but it is worth noting separately that the Court does not have the authority to freeze assets that are not the proceeds of counterfeiting.

### D. AWARDING FEES AND COSTS TO DEFENDANT IS A PROPER REMEDY

In addition to unfreezing Defendant's assets and accounts, Defendant requests an award of attorney's fees and costs incurred in bringing this motion.

Under Federal Rule of Civil Procedure 65, "[t]he court may issue a preliminary injunction…only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "The purpose of an injunction bond is to compensate the defendant, in the event he prevails on the merits, for the harm that an injunction entered before the final decision caused him[.]" *Ty, Inc. v. Jones Grp., Inc.,* 237 F.3d 891, 895 (7th Cir. 2001).

Defendant requests the Court to release the bond and award damages to Defendant for the wrongful TRO and for attorney's fees and costs incurred by Defendant in bringing this motion. Even after being presented with indisputable evidence of non-infringing and permissible use of its trademark by Defendant, Plaintiff simply does not care. However, an *ex parte* TRO freezing another party's funds and enjoining its products is a serious matter. A plaintiff seeking such an injunction must make sure that its representations to the Court are accurate, and that its arguments are meritorious, due to the damage that can be caused by a wrongful injunction.

/ / /

## IV.    CONCLUSION

The TRO should be dissolved, and Defendant's assets and account should be unfrozen. Defendant further requests that the Court release the bond to compensate for Defendant's damages, fees, and costs incurred in bringing this motion for the requested relief.

Dated: May 2, 2023                                      Respectfully submitted,

*/s/ Edward Chen*

Edward Chen (CA Bar #312553)
Edward.Chen@edchenlaw.com
**Law Offices of Edward Chen**
125 South Wacker Dr. Suite 300
Chicago, IL 60606

*Counsel for Defendant Hangzhou Buda Water Treatment Equipment Co., Ltd.*