IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BESTWAY INFLATABLES & MATERIAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, <br><br> Defendants. | Case No. 23-cv-2286 <br><br> Judge Thomas M. Durkin |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR INJUNCTION BOND DAMAGES [DKT. NO. 121, 122]**

Plaintiff, BESTWAY INFLATABLES & MATERIAL CORP. ("BESTWAY" or "Plaintiff"), responds to the Motion for Injunction Bond Damages ("Motion") by Defendant Nos. 133 "holon supplier" and 137 "JOWLAWN-US" ("Defendants") as follows:

**I. INTRODUCTION**

Defendants' unsupported and exaggerated claims for damages against Plaintiff fail for multiple reasons. First, Plaintiff brought its suit for trademark infringement against Defendants in good faith and this Court properly entered a Temporary Restraining Order ("TRO") against the Defendants. Second, Plaintiff acted diligently in both requesting that the court-ordered hold be implemented upon Defendants' accounts and requesting that the hold be released due to the expiration of the TRO. Third, Defendants' claims of damages are grossly exaggerated due to the limited duration of the restriction placed upon Defendants' accounts. Finally, Defendants' claims of damages against Plaintiff are misdirected. Plaintiff is unable to provide the additional relief

desired by Defendants. Rather, Plaintiff can only provide the relief which it has already given, namely, providing the e-commerce platform with copies of Court Orders directing the platform to take actions of a limited duration with respect to the accounts of Defendants. For these reasons which are expounded upon further below, Plaintiff respectfully requests this Court to deny Defendants' Motion.

## II. PROCEDURAL HISTORY

On April 12, 2023, Plaintiff filed a complaint against Defendant Nos. 133 "holon supplier" and 137 "JOWLAWN-US" for trademark infringement and counterfeiting (Count I), false designation of origin (Count II) and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III). [Dkt. No. 1]. On the same day, Plaintiff filed a Motion for Entry of a TRO and supporting Memorandum. [Dkt. Nos. 10, 12]. Also, April 12, 2023, this Court granted Plaintiff's Motion for Entry of a TRO. [Dkt. Nos. 24, 25]. Pursuant to paragraph 11 of the TRO, Plaintiff posted a surety bond in the amount of $250,000 on April 18, 2023. [Dkt. No. 29]. Plaintiff served the e-commerce platform of Amazon.com, Inc. ("Amazon"), which the Defendants' accounts are located on, with copies of the TRO and Summons on April 14, 2023. *See* Exhibit A – Declaration of Luis Figueroa, ¶ 3. Plaintiff received confirmation from Amazon that Defendants' accounts had been restricted pursuant to the TRO on April 25, 2023. *Id.* at ¶ 4.

On May 5, 2023, Plaintiff filed a Motion for Entry of a Preliminary Injunction and supporting Memorandum against Defendants. [Dkt. Nos. 38, 39]. Plaintiff also served Defendants with copies of the Summons, Complaint, TRO, Motion for Entry of a Preliminary Injunction and supporting Memorandum on May 5, 2023. [Dkt. No. 42]. On May 22, 2023, Plaintiff informed Amazon that the TRO had expired and that the Court had not entered an Order further restricting Defendants' account and requested the release of the hold on Defendants'

accounts. *See* Exhibit B – Declaration of Roxana Brito, ¶ 3. On May 22, 2023, counsel for Defendants filed an appearance [Dkt. No. 54] and a Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction. [Dkt. No. 55]. Also on May 22, 2023, this Court entered a Preliminary Injunction Order against all non-appearing defendants and ordered Plaintiff to file its Reply in Support of Entry of a Preliminary Injunction by June 1, 2023. [Dkt. Nos. 56, 58]. On May 30, 2023, Plaintiff dismissed Defendant Nos. 133 "holon supplier" and 137 "JOWLAWN-US" from this matter. [Dkt. No. 73]. Also on May 30, 2023, Plaintiff provided a copy of the Notice of Dismissal to Amazon and instructed Amazon to release the hold on Defendants' accounts. Exhibit B, ¶ 4. On June 9, 2023, Timothy Wang filed an appearance on behalf of Defendant No. 133 "holon supplier". [Dkt. No. 80].

On August 28, 2023, Defendants filed a Motion for Injunction Damages and supporting Memorandum. [Dkt. No. 121, 122]. On August 28, 2023, this Court set a briefing schedule on Defendants' Motion whereby Plaintiff's Response is due by September 28, 2023, and Defendants' Reply is due October 19, 2023. [Dkt. No. 123].

On September 6, 2023, this Court held a Status hearing on this matter. [Dkt. No. 124]. Also on September 6, 2023, counsel for Plaintiff contacted Amazon again and requested the status of the holds on Defendants' accounts. *See* Exhibit C – Declaration of William Kalbac, ¶ 2. On September 20, 2023, Amazon informed Plaintiff's counsel that the holds on Defendants' accounts were released in May 2023 and that there were no holds in place on Defendants' accounts. *Id.* at ¶ 3.

### III. ARGUMENT

A. <u>Defendants' Accounts were Properly Restrained</u>

Defendants erroneously claim that their accounts were wrongfully enjoined. Defendants'

3

claims are simply untrue. Plaintiff had a good faith basis to file its trademark infringement case against Defendants. Additionally, Plaintiff satisfied the elements to establish a claim for trademark infringement and Defendants' accounts were properly restrained pursuant to the TRO entered on April 12, 2023. [Dkt. No. 25].

To establish a case for trademark infringement under Seventh Circuit case law, Plaintiff must satisfy the following elements: (1) its mark is distinctive enough to be worthy of protection; (2) Defendants are not authorized to use the trademark; and (3) Defendant's use of the trademark causes a likelihood of confusion as to the origin or sponsorship of Defendants' products. *See Neopost Industrie B.V. v. PFE Int'l Inc.,* 403 F. Supp. 2d 669, 684 (N.D. Ill. 2005) (J. Castillo).

With regard to the first element, BESTWAY INFLATABLES & MATERIAL CORP. is the owner of the following trademark registrations for the BESTWAY Trademarks: Registration Nos. 2,748,177 for the BESTWAY word mark; 2,756,976 for the BESTWAY logo and 5,702,452 for the BESTWAY word mark in connection with BESTWAY goods. *See* Exhibit D, Declaration of Eric Li, ¶ 5. "[R]egistration gives trademark owners valuable benefits. For example, registration constitutes "prima facie evidence" of the mark's validity. § 1115(a). And registration serves as 'constructive notice of the registrant's claim of ownership,' which forecloses some defenses in infringement actions." *Iancu v. Brunetti*, 139 S. Ct. 2294, 2297–98, 204 L. Ed. 2d 714 (2019). The BESTWAY Trademarks are valid, subsisting and in full force and effect. *Id.* The BESTWAY Trademarks are distinctive and identify the merchandise as goods from BESTWAY INFLATABLES & MATERIAL CORP. *Id.* at ¶ 6. The BESTWAY Trademarks have been continuously used and have never been abandoned. *Id.* at ¶ 7.

In addition, Plaintiff supported the claims in its complaint with declarations, supporting memoranda and evidence of the infringing acts. Such supporting evidence and documents demonstrate that Plaintiff's claims have legitimacy and Plaintiff has a good faith basis to pursue Defendants for trademark infringement.

Since Plaintiff is owner of the BESTWAY Trademarks, which are distinctive and worthy of protection, Plaintiff satisfies the first element of bringing a claim for trademark infringement.

Defendants were never authorized to use the BESTWAY Trademarks for any reason. *Id.* at ¶ 10. Furthermore, BESTWAY INFLATABLES & MATERIAL CORP. has not licensed nor authorized Defendants to use its BESTWAY Trademarks and none of the Defendants are authorized retailers of genuine BESTWAY products. *Id.* at ¶ 11.

As a result, since Defendants are not authorized to use the BESTWAY Trademarks, Plaintiff satisfies the second element of its claim for trademark infringement.

Defendants' actions have caused a likelihood of confusion as to the origin or sponsorship of Defendants' products. BESTWAY products are inflatable leisure products, water sports products and other related products that are developed and sold all around the world. *Id.* at ¶ 4. As a result, products associated with the BESTWAY Trademarks are recognized and exclusively associated by consumers, the public and the trade as being products sourced from BESTWAY INFALTABLES & MATERIAL CORP. *Id.* at ¶ 8. The success of the BESTWAY brand has resulted in its significant counterfeiting. *Id.* at ¶ 9. Defendants facilitate sales by designing their Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores or wholesalers selling genuine BESTWAY products.

*Id.* at ¶ 11. The Defendants' Internet Stores include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website. *Id.* As a result of Defendants' unauthorized use of the BESTWAY Trademarks to sell illegitimate products, Defendants' actions have caused a likelihood of confusion as to the origin or sponsorship of Defendants' products and satisfies the final element to establish trademark infringement.

This Court has also reviewed the evidence of infringement (*See* Exhibit E – Evidence of Infringement), the Declaration of Eric Li (Exhibit D) and Plaintiff's Trademark Registrations that were attached as Exhibit 1 to Plaintiff's Complaint [Dkt. No. 1] and determined that entering a TRO to prevent trademark infringement was appropriate. [Dkt. Nos. 24, 25]. Therefore, Defendants' accounts were properly restrained for trademark infringement in this matter.

B. <u>Defendants Are Not the 'Prevailing Party'</u>

Defendants' claims that they were the prevailing party in this matter are incorrect. On May 30, 2023, Plaintiff filed a Notice of Dismissal without Prejudice pursuant to Fed. R. Civ. Pro. 41(a)(1) against Defendants. [Dkt. No. 73]. According to Seventh Circuit case law, a "dismissal under Rule 41(a)(2), with prejudice, after a plaintiff gives up makes the defendant the prevailing party." *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008). "There is no question that a dismissal with prejudice makes the defendant the prevailing party …" *Mostly Memories, Inc. v. For Your Ease Only, Inc.,* 526 F.3d 1093, 1099 (7th Cir. 2008).

Other jurisdictions have reached similar conclusions. "Because a dismissal with prejudice is tantamount to a judgment on the merits, the defendant in this case … is clearly the prevailing party …" *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985). "Although there has not been

an adjudication on the merits in the sense of a weighing of facts, there remains the fact that a dismissal with prejudice is deemed an adjudication on the merits for the purposes of *res judicata.*" *Id.*; (when plaintiff's claim dismissed with prejudice, defendant "is deemed the prevailing party"); *Stratton Group, Ltd. v. Chelsea National Bank,* 54 F.R.D. 227, 228 (S.D.N.Y.1972); (defendants not deemed prevailing parties when dismissed without prejudice because plaintiffs could refile claims against them); *Cadkin v. Loose*, 569 F.3d 1142, 1145 (9th Cir. 2009).

However, in this matter, Defendants were not the 'prevailing party' because Plaintiff dismissed Defendants **without** prejudice, which allows Plaintiff to bring suit against Defendants at a later date. (emphasis added). "A dismissal without prejudice means no one has prevailed; the litigation is just postponed with the possibility of the winner being decided at a later time in a new arena." *Dunster Live, LLC v. LoneStar Logos Mgmt. Co., LLC.,* 908 F.3d 948, 951 (5th Cir. 2018). "A dismissal without prejudice is normally nonfinal because the plaintiff remains free to refile his case." *Mostly Memories, Inc. v. For Your Ease Only, Inc.,* 526 F.3d 1093, 1097 (7th Cir. 2008).

As a result, since Plaintiff may refile its case against Defendants, Defendants' claims that they are the 'prevailing party' in this matter are premature. Plaintiff could easily re-file another case for trademark infringement against Defendants and prevail. Because Plaintiff may re-file its claims against Defendants, Defendants are not considered the 'prevailing party' and thus are not entitled to an award of damages. As a result, Defendants' Motion should be denied.

  C. <u>Defendants' Claims of Damages are Exaggerated</u>

Defendants' claims of damages are exaggerated. On April 12, 2023, this Court granted

7

Plaintiff's Motion for Entry of a TRO. [Dkt. Nos. 24, 25]. Plaintiff served Amazon, which services the accounts of Defendants, with copies of the TRO and Summons and requested that a temporary hold be placed on Defendants' accounts on April 14, 2023. Exhibit A at ¶ 3. Plaintiff received confirmation from Amazon that Defendants' accounts had been restricted on April 25, 2023. *Id.* at ¶ 4. With the TRO having expired and the Court not having issued an Order further restricting Defendants' accounts, Plaintiff requested the release of the hold on Defendants' accounts on May 22, 2023, or less than one month after having received confirmation that a hold on Defendants' accounts had been enacted. Exhibit B, ¶ 3. Plaintiff also followed up with Amazon on May 30, 2023, requesting that the hold on the accounts of Defendants be released and providing Amazon with the Notice of Dismissal without prejudice. *Id.* at ¶ 4. At that point, Plaintiff's counsel assumed the matter was resolved and heard nothing further from Amazon or Defendants.

    Upon hearing that Defendants' accounts were allegedly still restricted at the September 6, 2023, hearing, counsel for Plaintiff immediately reached out to Amazon again and requested confirmation that the restrictions in place on Defendants' accounts were removed. Exhibit C, ¶ 2. On September 20, 2023, counsel for Plaintiff and counsel for Defendants received confirmation from Amazon that "[t]he two [Defendants] were processed for release from this TRO back in May. I can see no other legal holds at this time." *Id.* at ¶ 3.

    The holds placed upon Defendants' accounts were implemented at the direction of the Court and were in effect for a short duration of time. Shortly after the expiration of the TRO, Plaintiff informed Amazon that the TRO had not been extended and requested that the restraints be removed. Exhibit B, ¶ 3. According to a representative from Amazon, there are no legal holds

8

on Defendants accounts and any holds were processed for removal during May 2023. Exhibit C, ¶ 3.

As such, Defendants' claims of damages are exaggerated and misdirected, and Defendants' Motion should be denied.

D. <u>Defendants' Claims for Damages are Misdirected</u>

Defendants claims against Plaintiff are misdirected. Plaintiff properly brought its claims for trademark infringement against Defendants in good faith and timely instructed Amazon to remove any holds on Defendants' accounts upon expiration of the TRO. Exhibit B, ¶ 3. Plaintiff has properly ensured that only judicially enacted actions be taken against Defendants' accounts. Any claims regarding additional restrictions placed upon the Defendants' accounts should be directed to the e-commerce platform Amazon. Plaintiff has no control over actions taken or not taken by Amazon or any other e-commerce platform. Furthermore, Plaintiff's ability to provide the relief Defendants are seeking is limited to the actions already performed by Plaintiff -- providing copies of the Notice of Dismissal to Amazon and requesting the release of any holds on Defendants' accounts. Plaintiff is powerless to provide any relief other than what has already been done.

In conclusion, Defendants' claims against Plaintiff are misdirected and should more appropriately be brought against the e-commerce provider Amazon. Therefore, Defendants claims against Plaintiff are meritless and their Motion should be denied.

IV. **CONCLUSION**

In view of the foregoing, Plaintiff respectfully requests this Court to deny Defendants' Motion for Injunction Bond Damages and to grant any relief this Court deems necessary.

Respectfully submitted,

Dated: October 2, 2023

By: s/Michael A. Hierl
Michael A. Hierl (Bar No. 3128021)
William B. Kalbac (Bar No. 6301771)
Robert P. McMurray (Bar No. 6324332)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
mhierl@hsplegal.com
wkalbac@hsplegal.com
rmcmurray@hsplegal.com
Attorneys for Plaintiff
BESTWAY INFLATABLES &
MATERIAL CORP.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies on October 2, 2023, that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system.

/s/ *Michael A. Hierl*