IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BESTWAY INFLATABLES & MATERIAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, <br><br> Defendants. | Case No. 23-cv-2286 <br><br> Judge Thomas M. Durkin |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER OF NOVEMBER 8, 2023 [DKT. NO. 139]**

Plaintiff BESTWAY INFLATABLES & MATERIAL CORP. ("Plaintiff"), by its attorneys Hughes Socol Piers Resnick & Dym, Ltd., moves this Honorable Court to reconsider the Court's Order of November 8, 2023 [Dkt. No. 139] and in support thereof states:

**I.     INTRODUCTION**

Plaintiff respectfully requests that this Court reconsider its November 8, 2023, Memorandum Opinion and Order ("Order") against Plaintiff in the amount of $62,711.00 because Plaintiff bears no liability for the alleged improper restriction of the accounts of Defendant Nos. 133 "holon supplier" and 137 "JOWLAWN-US" ("Defendants). Defendants have not and cannot demonstrate any alleged breach of an obligation owed by Plaintiff for which Defendants suffered damages. As the supposed actual tortfeasor, Defendants should request leave from this Court to assert claims against Amazon.com, Inc. ("Amazon"), as Amazon is the only party responsible for

Defendant's damages.   In the alternative, Plaintiff requests leave to file an Amended Complaint and implead Amazon for subrogation or indemnification arising out of the Order against Plaintiff.

## II.    STATEMENT OF FACTS

On April 12, 2023, Plaintiff filed a complaint for trademark infringement and counterfeiting (Count I), false designation of origin (Count II) and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III) against the defendants listed in Schedule A, which included Defendant Nos. 133 "holon supplier" and 137 "JOWLAWN-US" ("Defendants). [Dkt. No. 1].  On the same day, Plaintiff filed a Motion for Entry of a Temporary Restraining Order ("TRO") and a supporting Memorandum. [Dkt. Nos. 10, 12].  Also, on April 12, 2023, this Court granted Plaintiff's Motion for Entry of a TRO. [Dkt. Nos. 24, 25].

Pursuant to Paragraph 7(b) of the TRO, non-party e-commerce platform provider Amazon.com, Inc. ("Amazon") was directed to "restrain and enjoin" the accounts of defendants listed in Schedule A, which included the accounts of Defendants.   Plaintiff served Amazon with copies of the TRO and Summons on April 14, 2023.  *See* Exhibit A – Declaration of Luis Figueroa, ¶ 3.  On April 19, 2023, Plaintiff filed a Motion to Extend the TRO [Dkt. No. 27], which was granted on April 19, 2023, and extended the TRO for an additional fourteen (14) days to and including May 10, 2023. [Dkt. No. 28].

Plaintiff received confirmation from Amazon that Defendants' accounts had been restricted pursuant to the TRO on April 25, 2023. *Id.* at ¶ 4.

Pursuant to paragraph 11 of the TRO, Plaintiff posted a surety bond in the amount of $250,000 on April 18, 2023. [Dkt. No. 29].

On May 5, 2023, Plaintiff filed a Motion for Entry of a Preliminary Injunction and a supporting Memorandum against Defendants. [Dkt. Nos. 38, 39].  Plaintiff also served

Defendants with copies of the Summons, Complaint, TRO, Motion for Entry of a Preliminary Injunction and supporting Memorandum on May 5, 2023. [Dkt. No. 42]. On May 22, 2023, Plaintiff informed Amazon that the TRO had expired and that the Court had not entered an Order further restricting Defendants' account and requested release of the hold on Defendants' accounts. *See* Exhibit B – Declaration of Roxana Brito, ¶ 3. On May 22, 2023, counsel for Defendants filed an appearance [Dkt. No. 54] and a Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction. [Dkt. No. 55]. Also on May 22, 2023, this Court entered a Preliminary Injunction Order against all non-appearing defendants and ordered Plaintiff to file its Reply in Support of Entry of a Preliminary Injunction by June 1, 2023. [Dkt. Nos. 56, 58]. On May 30, 2023, Plaintiff filed a Notice of Dismissal to dismiss Defendants from this matter. [Dkt. No. 73]. Also on May 30, 2023, Plaintiff provided a copy of the Notice of Dismissal to Amazon and instructed Amazon to release the hold on Defendants' accounts. Exhibit B, ¶ 4.

On August 28, 2023, Defendants filed a Motion for Injunction Damages and a supporting Memorandum. [Dkt. No. 121, 122]. On August 28, 2023, this Court set a briefing schedule on Defendants' Motion whereby Plaintiff's Response was due by September 28, 2023, and Defendants' Reply was due October 19, 2023. [Dkt. No. 123].

On September 6, 2023, this Court held a Status hearing on this matter. [Dkt. No. 124]. Also on September 6, 2023, counsel for Plaintiff contacted Amazon again and requested the status of the holds on Defendants' accounts. *See* Exhibit C – Declaration of William Kalbac, ¶ 2. On September 20, 2023, Amazon informed Plaintiff's counsel that the holds on Defendants' accounts were released in May 2023 and that there were no holds in place on Defendants' accounts. *Id.* at ¶ 3.

3

On November 8, 2023, this Court entered Judgment against Plaintiff in the amount of $62,711.00 for alleged damages incurred by the unreasonable restraint enacted upon Defendants' accounts by Amazon. [Dkt. No. 139].

### III. ARGUMENT

"To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact. *Oto v. Metropolitan Life Ins. Co.*, 224 F. 3d 601, 606 (7th Cir. 2000). "Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact and enables the court to correct its own errors and thus avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F. 3d 872, 876 (7th Cir. 1996).

Plaintiff requests this Court to reconsider its November 8, 2023, Order granting Defendants' Motion for Injunction Bond Damages in the amount of $62,711.00 [Dkt. No. 139] because the economic damages incurred by Defendants were not the result of an alleged breach of an obligation owed by Plaintiff to Defendants. Rather, Defendants' alleged economic damages were the direct result of Amazon's failure to comply with this Court's Orders.

Pursuant to Paragraph 7(b) of the TRO, Amazon was directed to "restrain and enjoin" the accounts of Defendants. Plaintiff served Amazon with copies of the TRO and Summons on April 14, 2023, and directed it to temporarily restrain the accounts of Defendants. *See* Exhibit A, ¶ 3.

On May 30, 2023, Plaintiff provided a copy of the Notice of Dismissal of Defendants to Amazon instructing Amazon to release the hold on Defendants' accounts. Exhibit B, ¶ 4.

4

Plaintiff directed Amazon to release the hold on Defendants' accounts three separate times (May 22, 2023 - Plaintiff informed Amazon that the TRO had expired; May 30, 2023 - Plaintiff voluntarily dismissed Defendants from this matter, provided Amazon with a copy of the Notice of Dismissal and instructed Amazon to release the hold on Defendants' accounts; and September 6, 2023, Plaintiff contacted Amazon and requested the release of the holds on Defendants' accounts. *See* Exhibit C – Declaration of William Kalbac, ¶ 2).

Plaintiff lacks the legal obligation or ability to enforce action by Amazon. Plaintiff can only request a third-party platform provider such as Amazon to follow this Court's direction to release all restrictions on Defendants' accounts. Amazon must independently comply with this Court's Orders. As such, Defendants must assert their claim directly against Amazon, not Plaintiff.

In the alternative, if this Court is not inclined to reconsider its November 8, 2023, Order [Dkt. No. 139], Plaintiff requests leave to file an Amended Complaint and implead Amazon for subrogation or indemnification arising out of the Order against Plaintiff and a request for any other relief this Court deems just.

### IV. CONCLUSION

In conclusion, Plaintiff respectfully requests this Court to reconsider its November 8, 2023, Order against Plaintiff and vacate the judgment entered in the amount of $62,711.00 against Plaintiff. Defendants should request leave from this Court to assert claims against Amazon, as Amazon is the only party responsible for Defendant's damages.

In the alternative, Plaintiff requests leave to file an Amended Complaint to implead Amazon for subrogation or indemnification of the monetary award against Plaintiff.

Respectfully submitted,

Dated: December 8, 2023

By: s/Michael A. Hierl
Michael A. Hierl (Bar No. 3128021)
William B. Kalbac (Bar No. 6301771)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
(312) 580-1994 Facsimile
mhierl@hsplegal.com

Attorneys for Plaintiff
BESTWAY INFLATABLES & MATERIAL CORP.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Plaintiff's Motion for Reconsideration was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on December 8, 2023.

                                                   s/Michael A. Hierl