IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BESTWAY INFLATABLES & MATERIAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, <br><br> Defendants. | Case No. 23-cv-2286 <br><br> Judge Thomas M. Durkin |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST DEFENDANT NOS. 32 "DHYINGFU.CO.LTD" AND 192 "HKQISHU.CO.LTD" IDENTIFIED IN THE SECOND AMENDED SCHEDULE A**

Plaintiff BESTWAY INFLATABLES & MATERIAL CORP. submits the following memorandum in support of its Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against Defendant Nos. 32 "dhyingfu.co.ltd" and 192 "Hkqishu.co.ltd" listed in the Second Amended Schedule A (collectively, the "Defendants"). Plaintiff's Motion for entry of Default and Default Judgment disposes of all remaining defendants.

Defendant Nos. 32 "dhyingfu.co.ltd" and 192 "Hkqishu.co.ltd", as set forth in the Complaint, have been charged with trademark infringement and counterfeiting, false designation of origin, and violation of the Illinois Uniform Deceptive Trade Practices Act.

BESTWAY INFLATABLES & MATERIAL CORP. takes pride in its products which are emblematic of BESTWAY INFLATABLES & MATERIAL CORP.'s inspiration and mission to provide high quality products. Since the initial launch of its original BESTWAY brand

products, the BESTWAY marks are and have been the subject of substantial and continuous marketing and promotion by Plaintiff. Plaintiff has and continues to widely market and promote its BESTWAY mark in the industry and to consumers. Plaintiff's promotional efforts include — by way of example, but not limitation — substantial print media, the BESTWAY website and social media sites, and point of sale materials. [Complaint, Dkt. No. 1 at ¶ 8]. Long before the acts of Defendant Nos. 32 "dhyingfu.co.ltd" and 192 "Hkqishu.co.ltd described herein, Plaintiff launched its BESTWAY brand products. BESTWAY INFLATABLES & MATERIAL CORP. is the registered owner of the U.S. Trademark Registration Nos. 2,748,177; 2,756,976 and 5,702,452 (collectively referred to as the "BESTWAY Trademarks"). [Li Decl. at ¶ 5]. The U.S. registration for the BESTWAY Trademarks are valid, subsisting, and in full force and effect. [*Id*.].

On information and belief, Defendant Nos. 32 "dhyingfu.co.ltd" and 192 "Hkqishu.co.ltd" are counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products bearing infringing and/or counterfeit versions of the BESTWAY Trademarks (the "Counterfeit/Infringing Products") in the same transaction, occurrence, or series of transactions or occurrences. [Complaint, Dkt. No. 1 at ¶¶ 4, 21]. The Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive commercial websites "dhyingfu.co.ltd" and "Hkqishu.co.ltd" which are located on the Walmart.com, Inc. ("Walmart") e-commerce platform and online marketplaces operating under the Defendant Online Marketplace Accounts (collectively, the "Defendant Internet Stores") identified in the Second Amended Schedule A. *Id*. Each Defendant targets the United States, including Illinois, and has offered to sell, and on information and belief, has sold and continues to

sell Counterfeit BESTWAY Products to consumers within the United States, including the State of Illinois. *Id*. Additional factual assertions applicable to the Defendants are found in Paragraphs 12-22 of the Complaint and are incorporated herein. *Id*. at ¶¶ 12-22.

Plaintiff filed this action on April 12, 2023, alleging, among other claims, federal trademark infringement and seeks statutory damages and injunctive relief. [Dkt. No. 1]. On April 12, 2023, this Court granted Plaintiff' *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") [Dkt. No. 24, 25].

Paragraph 8 of the TRO permitted Plaintiff to complete service of process to Defendants by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Eric Li and any e-mail addresses provided for Defendants by third parties. The Defendants identified in the Second Amended Schedule A were properly served on May 5, 2023. [Dkt. No. 42]. Plaintiff entered into a settlement agreement with Defendant Nos. 32 "dhyingfu.co.ltd" and 192 "Hkqishu.co.ltd" on June 28, 2023, and as a result, excluded these Defendants from Plaintiff's Motion for Entry of Default and Default Judgment and supporting Memorandum filed on October 31, 2023, [Dkt. Nos. 134, 135] which was granted on November 9, 2023. [Dkt. Nos. 140, 141]. However, Since entry of the Final Judgment Order [Dkt. No. 141], the above-referenced defendants have failed to comply with the agreed-upon terms of the settlement agreement. Neither Defendant has entered an appearance or otherwise defended this action. *See* Declaration of Michael A. Hierl (the "Hierl Declaration") at ¶ 2.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff now moves this Court for an Order entering default and default judgment finding that the Defendants are liable on Counts I, II, and III of Plaintiff's Complaint. Fed. R. Civ. P. 55(a) and (b)(2). Plaintiff further

3

seeks an award of statutory damages as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark counterfeiting against each of the Defendants for use of infringing and counterfeiting the BESTWAY Trademarks in connection with products sold through each of the Defendant Internet Stores. Plaintiff also seeks entry of a permanent injunction prohibiting Defendant Nos. 32 "dhyingfu.co.ltd" and 192 "Hkqishu.co.ltd" from selling Counterfeit/Infringing Products and that all assets in the Defendants' financial accounts operated by Walmart and Payoneer as well as any newly discovered assets, be transferred to Plaintiff.

## ARGUMENT

**I.  JURISDICTION AND VENUE ARE PROPER IN THIS COURT**

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each Defendant directly targets business activities toward consumers in Illinois and causes harm to Plaintiff's business within this Judicial District. *See* [Complaint, Dkt. No. 1, at ¶ 5] *uBID, Inc. v. GoDaddy Grp., Inc*. 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a prima facie case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive commercial Internet websites and online marketplace accounts operating under the Defendant Internet Stores, each of the Defendants have targeted sales from Illinois residents by operating the websites "dhyingfu.co.ltd" and "Hkqishu.co.ltd" that offer shipping to the United States, including Illinois and, on information and belief, have sold Counterfeit/Infringing Products to residents within the United States,

4

including Illinois. Many of the websites look sophisticated and accept payment in U.S. Dollars via credit cards, Payoneer and Walmart. [Dkt. No. 1 at ¶ 14]. As such, personal jurisdiction is proper since each Defendant is committing tortious acts in Illinois, is engaging in interstate commerce and has wrongfully caused Plaintiff substantial injury in the State of Illinois. *See Estee Lauder Cosmetics Ltd. & Make-up Art Cosmetics Inc. v. Ali-Beauties Store Store, et al.*, No. 1:19-cv-04579 (N.D. Ill. Sept. 12, 2019) (unpublished) [Dkt. No. 49]; *Bose Corp. v. Amilineinc, et al.,* No. 1:19-cv-05347 (N.D. Ill. Oct. 9, 2019) (unpublished) [Dkt. No. 44]; *Eye Safety Systems, Inc. v. 1CN7085, et al.*, No. 1:19-cv-06005 (N.D. Ill. Nov. 19, 2019) (unpublished) [Dkt. No. 49]; *Levi Strauss & Co. v. Acinth Girl Hy Store, et al.*, No. 1:19-cv-06200 (N.D. Ill. Nov. 19, 2019) (unpublished) [Dkt. No. 48].

## II.    PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On April 12, 2023, Plaintiff filed its Complaint alleging, among other claims, trademark infringement and counterfeiting, 15 U.S.C. § 1114 (Count I); false designation of origin, 15 U.S.C. § 1125(a) (Count II); and violation of Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, et. seq. (Count III).  Defendant Nos. 32 "dhyingfu.co.ltd" and 192 "Hkqishu.co.ltd" were properly served on May 5, 2023. [Dkt. No. 42]. The Defendants, despite having been served with process, have ignored these proceedings and failed to plead or otherwise defend this action. Hierl Declaration at ¶ 2.  Accordingly, Plaintiff asks for entry of default and default judgment against Defendant Nos. 32 "dhyingfu.co.ltd" and 192 "Hkqishu.co.ltd".

5

### III. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

More than twenty-one (21) days have passed since Defendant Nos. 32 "dhyingfu.co.ltd" and 192 "Hkqishu.co.ltd" were served, and no answer or other responsive pleading has been filed by any of the Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and consistent with previous similar cases in front of this Court, Plaintiff requests an award of statutory damages as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark infringement and counterfeiting against each Defendant for use of infringing and counterfeit imitations of Plaintiff's Trademark in connection with products sold through the Internet Stores "dhyingfu.co.ltd" and "Hkqishu.co.ltd". Plaintiff also seeks entry of a permanent injunction prohibiting Defendants from selling Counterfeit/Infringing Products and that all assets in Defendants' financial accounts operated by Payoneer and Walmart and any newly identified accounts be transferred to Plaintiff.

#### A. Trademark Infringement and Counterfeiting

To properly plead a claim of trademark infringement and counterfeiting pursuant to the Lanham Act, a plaintiff must allege that (1) its mark is distinctive enough to be worthy of protection, (2) defendants are not authorized to use the mark; and (3) defendant's use of the

6

mark causes a likelihood of confusion as to the origin or sponsorship of defendant's products. *See Neopost Industrie B.V. v. PFE Int'l Inc.,* 403 F. Supp. 2d 669, 684 (N.D. Ill. 2005) (citing *Bliss Salon Day Spa v. Bliss World LLC,* 268 F.3d 494, 496-97 (7th Cir. 2001)).

Plaintiffs alleged in their Complaint that the BESTWAY Trademarks are highly distinctive, that Defendants have knowledge of Plaintiff's rights in the BESTWAY Trademarks, that the Defendants are not authorized to use the BESTWAY Trademarks, and that Defendants' use of the BESTWAY Trademarks causes likelihood of confusion. [Dkt. No. 1 at ¶¶ 23-29]. Since Defendants have failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment with respect to Count I for willful trademark infringement and counterfeiting of the BESTWAY Trademarks against the Defendants.

**B.     False Designation of Origin**

A plaintiff bringing a false designation of origin claim under 15 U.S.C. § 1125(a) must show that: (1) the plaintiff has a protectable trademark; and (2) a likelihood of confusion will exist as to the origin of plaintiff's products. *All Star Championship Racing, Inc. v. O'Reilly Auto. Stores, Inc.,* 2013 WL 1701871, *10 (C.D. Ill. Apr. 18, 2013) (*citing Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.,* 188 F. 3d 427, 436 (7th Cir. 1999)). This is the same test that is used for bringing a trademark infringement claim under the Lanham Act. *See Neopost,* 403 F. Supp. 2d at 684.

Plaintiff alleged in its Complaint that the Defendants are using the federally registered BESTWAY Trademarks without authorization on the Counterfeit/Infringing Products. This creates a likelihood of confusion, mistake, and deception among the general public as to the

affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Counterfeit/Infringing Products by Plaintiff. [Dkt. No. 1, ¶¶ 30-34]. Furthermore, by using the BESTWAY Trademarks on the Counterfeit/Infringing Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Counterfeit/Infringing Products. *Id*. As a result, Plaintiff requests entry of judgment with respect to Count II for willful false designation of origin against the Defendants.

### C. Violation of the Illinois Uniform Deceptive Trade Practices Act

In Illinois, courts resolve unfair competition and deceptive trade practices claims "according to the principles set forth in the Lanham Act." *Spex, Inc. v. The Joy of Spex, Inc.,* 847 F.Supp. 567, 579 (N.D. Ill. 1994). Illinois courts look to federal case law and apply the same analysis to state infringement claims. *Id.* (citation omitted). As such, the determination as to whether there is a likelihood of confusion under the Illinois Uniform Deceptive Trade Practices Act is similar to the Lanham Act analysis. *Am. Broad. Co. v. Maljack Prods., Inc.,* 34 F. Supp. 2d 665, 681 (N.D. Ill. 1998).

Plaintiff alleged in their Complaint that the Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their products as genuine BESTWAY products, causing likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to affiliation, connection, or association with Plaintiff's genuine products, representing that their counterfeit products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public. [Dkt. No. 1, ¶¶ 35-38]. Plaintiff, therefore,

requests entry of judgment with respect to Count III of its Complaint for willful violation of the Illinois Uniform Deceptive Trade Practices Act against the Defendants.

## IV. PLAINTIFF IS ENTITLED TO MONETARY DAMAGES AND INJUNCTIVE RELIEF

The awarding of statutory damages serves dual interests in that it is remedial in nature, but also intended to protect an important public interest. Given the broader economic losses and harm to the job market caused by counterfeiting, coupled with the possible dangers to consumers who are tricked into purchasing low quality, counterfeit products over the Internet, it is important to both penalize defendants and try to deter future violations.

Plaintiff advertises throughout the world and spends considerable resources marketing and protecting its trademark and associated products. Plaintiff's promotional efforts include website and social media sites. [Dkt. No. 1 at ¶ 8].

### A. Statutory Damages Are Appropriate in this Case

Pursuant to the statutory damages provision of the Lanham Act, 15 U.S.C. § 1117(c), a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, 15 U.S.C. § 1117(c)(2) provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).

Although 15 U.S.C. § 1117(c) contains the dollar range for possible statutory damage awards, the only guidance provided by the statute for how to determine a damage award within the statutory dollar range is "as the court considers just." 15 U.S.C. § 1117(c). Courts interpreting 15 U.S.C. § 1117(c) have analogized case law applying the statutory damage

provision of the Copyright Act contained in 17 U.S.C. § 504(c). *See Lorillard Tobacco Co.*, 2004 U.S. Dist. LEXIS 22563, *10; *Sara Lee v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999). In *Sara Lee*, 36 F. Supp. 2d at 170, In *Sara Lee*, the court awarded statutory damages in the amount of $750,000 after estimating the defendants' ill-gotten gains and trebling them to "deter and punish a willful continuous course of infringements and defiance of the judicial process." *Sara Lee v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999). The *Sara Lee* analysis included seven factors: (1) the profits made by the defendants; (2) the revenues lost by plaintiff; (3) the value of the mark; (4) the deterrent effect on others; (5) whether the conduct was innocent or willful; (6) whether a defendant has cooperated in providing records; and (7) the deterrent effect on the defendant.

The USPTO's Office of Policy and International Affairs and the National Telecommunications and Information Administration ("NTIA") together working as part of the Department of Commerce's Internet Policy Task Force conducted a review of the relationship between the availability and protection of online copyrighted works and innovation in the Internet economy. The Internet Policy Task Force's White Paper on Remixes, First Sale, and Statutory Damages (White Paper) was published on January 28, 2016 (See Exhibit 1), which recognizes in copyright law that reduced damages may be warranted to avoid impeding new creative works, e.g., remixes -- works created through changing and combining existing works to produce something new and creative -- as part of a trend of user generated content. However, regarding straight-out counterfeiting where impeding creativity is not a concern, The Office of the U. S. Trade Representative issued findings of the Special 301 Out-of-Cycle Review of Notorious Markets for 2015, December 2015 (See Exhibit 2), highlighting disturbing trends in the marketing and distribution of counterfeit goods online, with escalating

levels of counterfeit sales online including an increase in the services that support such operations. With an estimated 15% increase in online sales of counterfeit goods, the economic toll of counterfeiting on governments, businesses, and consumers is disturbing.

Accordingly, a significant consideration should be whether infringing sales were made over the Internet, the rationale being that sales over the Internet increase the amount of an award because use of the Internet made the infringement widely available.

The lack of information regarding the Defendants' sales and profits makes statutory damages particularly appropriate for default cases like the instant case. *See Petmed Express, Inc. v. medpets.com, Inc.,* 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004). Likewise, Courts have recognized that statutory damages should be awarded without requiring an evidentiary hearing. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2008 U.S. Dist. LEXIS 31761, *11 (N.D. Ill. Apr. 17, 2008).

### B. Defendants' Counterfeiting Was Willful

As alleged in Plaintiff's Complaint, the Defendants facilitate sales by designing the Internet Stores of "dhyingfu.co.ltd" and "Hkqishu.co.ltd" so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Plaintiff's products. [Dkt. No. 1 at ¶ 15].

Pursuant to 15 U.S.C. § 1117(e), a counterfeiting violation is presumed willful "for purposes of determining relief if the violator ... knowingly provided ... materially false contact information to a domain name registrar...." 15 U.S.C. § 1117(e). The Defendants' Internet Stores look sophisticated and include images and design elements that make it very difficult for consumers to distinguish the counterfeit sites from the authorized website. [Dkt. No. 1 at ¶ 14]. Thus, willfulness is presumed in the instant case under 15 U.S.C. § 1117(e).

Even without the statutory presumption, it is clear that the Defendants' counterfeiting was willful. "Willful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights." *Lorillard Tobacco Co. v. S & M Cent. Serv. Corp.*, 2004 LEXIS 22563, *19-20 (N.D. Ill. Feb. 25, 2005). As such, knowledge need not be proven directly, but can be inferred from a defendant's conduct. *Id.* at 20. In the instant case, the Defendants clearly had knowledge that their activities constituted infringement or at least a reckless disregard for Plaintiff's rights in the BESTWAY Trademarks, especially given Plaintiff's extensive promotional efforts discussed above. After all, the Defendants were taking great pains to conceal their identities to try to avoid being held accountable for their counterfeiting activities. [Dkt. No. 1 at ¶ 4, ¶ 17].

Finally, District Courts have deemed counterfeiting willful when defendants default. *See Estee Lauder Cosmetics Ltd. & Make-up Art Cosmetics Inc. v. Ali-Beauties Store Store, et al.*, No. 1:19-cv-04579 (N.D. Ill. Sept. 12, 2019) (unpublished) [Dkt. No. 49]; *Bose Corp. v. Amilineinc, et al.*, No. 1:19-cv-05347 (N.D. Ill. Oct. 9, 2019) (unpublished) [Dkt. No. 44]; *Eye Safety Systems, Inc. v. 1CN7085, et al.*, No. 1:19-cv-06005 (N.D. Ill. Nov. 19, 2019) (unpublished) [Dkt. No. 49]; *Levi Strauss & Co. v. Acinth Girl Hy Store, et al.*, No. 1:19-cv-06200 (N.D. Ill. Nov. 19, 2019) (unpublished) [Dkt. No. 48].

### C. A High Statutory Damages Award Is Appropriate and Just

Courts have awarded high damage amounts where a defendant's counterfeiting activities attracted wide market exposure through Internet traffic or advertisement. *See Coach, Inc. v. Ocean Point Gifts*, 2010 U.S. Dist. LEXIS 59003, *15-16 (D.N.J. Jun. 14, 2010) (high damage awards in counterfeit cases were "due in part to the wide market exposure that the Internet can

provide"); *Burberry Ltd. v. Designers Imports, Inc.*, 2010 U.S. Dist. LEXIS 3605, *28-29 (S.D.N.Y. Jan. 19, 2010) (damages amount based, in part, on "Defendant's ability to reach a vast customer base through internet advertising"). Courts in this district have also considered the significant value of a plaintiff's brand and the efforts taken to protect, promote and enhance that brand in determining the appropriate dollar figure for the award. *Lorillard Tobacco Co.,* 2004 U.S. Dist. LEXIS 22563, *16.

In similar cases involving willful Internet-based counterfeiting, Courts in this district have awarded significant damages, including up to the maximum provided by law, to the plaintiff to serve the purposes of: (1) deterring the defendant and others situated like him from bringing into commerce counterfeit goods, (2) compensating the plaintiff for damages caused by defendant's infringement, and (3) punishing the defendant appropriately for his counterfeiting activities. *See, e.g., Burberry Limited, et al. v. The Partnerships And Unincorporated Associations Identified On Schedule "A",* No. 1:14-cv-04824 (N.D. Ill. Sep. 25, 2014) (unpublished) [Dkt. No. 38] (awarding $2,000,000 in statutory damages per defendant); *Calvin Klein Trademark Trust et al. v. Chen Xiao Dong, et al.,* No. 15-cv-2224 (N.D. Ill. May 12, 2015) (unpublished) [Dkt. No. 45] (awarding $2,000,000 in statutory damages per defendant.) Given the Court's clear discretion in determining the appropriate amount of the statutory damages award within the statutory limits of 15 U.S.C. § 1117(c), Plaintiff respectfully request the Court's entry of an award of one hundred thousand dollars ($100,000) per Defendant.

Additionally, the remedy imposed under the statute must provide a sufficient deterrent effect to ensure that the guilty party will not engage in further infringing conduct. *Sands, Taylor & Wood v. Quaker Oats Co.,* 34 F.3d 1340, 1348 (7th Cir. 1994). For example, in *Phillip Morris USA Inc. v. Marlboro Express*, the Court stated that due to "the size of the

potential profit given the quantities of [counterfeit goods] involved, and the need for a substantial deterrent to future misconduct by defendants and other counterfeit traffickers ... plaintiff is entitled to the maximum statutory award under 15 U.S.C. § 1117(c)(2)." 2005 U.S. Dist. LEXIS 40359, *28 (E.D.N.Y. Aug. 26, 2005).

Finally, in determining an appropriate damage award, this Court should be guided by the *Lorillard* case and consider the "significant value of [the Plaintiff] brand and the efforts taken to protect, promote and enhance that brand." *Lorillard Tobacco Co.*, 2004 U.S. Dist. LEXIS 22563, *16. Thus, Plaintiff's request for statutory damages award should be given favorable consideration in light of Plaintiff's effort to protect, promote and enhance the BESTWAY brand.

### D. Plaintiff is Entitled to Permanent Injunctive Relief

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defendants from infringing or otherwise violating Plaintiff's registered trademark rights in the BESTWAY Trademarks, including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO. Plaintiff is also entitled to injunctive relief so it can quickly take action against any new websites and online marketplace accounts that are identified, found to be linked to Defendants, and selling Counterfeit Plaintiff's Products. *See Estee Lauder Cosmetics Ltd. & Make-up Art Cosmetics Inc. v. Ali-Beauties Store Store, et al.*, No. 1:19-cv-04579 (N.D. Ill. Sept. 12, 2019) (unpublished) [Dkt. No. 49]; *Bose Corp. v. Amilineinc, et al.*, No. 1:19-cv-05347 (N.D. Ill. Oct. 9, 2019) (unpublished) [Dkt. No. 44]; *Eye Safety Systems, Inc. v. 1CN7085, et al.*, No. 1:19-cv-06005 (N.D. Ill. Nov. 19, 2019) (unpublished) [Dkt. No. 49]; *Levi Strauss & Co. v. Acinth Girl Hy Store, et al.*, No. 1:19-cv-06200 (N.D. Ill. Nov. 19, 2019) (unpublished) [Dkt. No. 48].

## V. CONCLUSION

Plaintiff respectfully requests that the Court enter default and default judgment against each Defendant, award statutory damages in the amount of one hundred thousand dollars ($100,000) per Defendant pursuant to 15 U.S.C. § 1117(c) and enter a permanent injunction order prohibiting Defendant Nos. 32 "dhyingfu.co.ltd" and 192 "Hkqishu.co.ltd" from selling Counterfeit/Infringing Products and transferring all assets in Defendants' financial accounts operated by Payoneer and Walmart to Plaintiff.

Respectfully submitted,

Dated: March 5, 2024

By: s/Michael A. Hierl
Michael A. Hierl (Bar No. 3128021)
William B. Kalbac (Bar No. 6301771)
Robert P. McMurray (Bar No. 6324332)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
mhierl@hsplegal.com
wkalbac@hsplegal.com
rmcmurray@hsplegal.com
Attorneys for Plaintiff
BESTWAY INFLATABLES &
MATERIAL CORP.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Memorandum was electronically filed with the Clerk of the Court, served by publication and email to the Defendants identified in the Second Schedule A and served on all counsel of record and interested parties via the CM/ECF system on March 5, 2024.

*/s/ Michael A. Hierl*
Michael A. Hierl